## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DANNY LAMAR DUNSON,       :
:
          **Plaintiff,**      :
**VS.**                   :
:       **CASE NO. 5:16-CV-348-LJA-MSH**
**Warden CONLEY,** *et al.*,      :
:
          **Defendants.**    :
_____

## ORDER

*Pro se* Plaintiff Danny Lamar Dunson, a prisoner currently confined at the Washington State Prison in Davisboro, Georgia, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). He seeks leave to proceed without prepayment of the full filing fee (ECF No. 4). *See* 28 U.S.C. § 1915. Plaintiff also filed a motion to appoint counsel (ECF No. 5) and a motion again seeking appointment of counsel, a hearing, and to supplement the record (ECF No. 6).

### I.    Motion for Leave to Proceed *in forma pauperis*

The Court reviewed Plaintiff's motion to proceed *in forma pauperis* and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion (ECF No. 4) and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding

month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full.  The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Additional Pending Motions

Plaintiff also filed two motions requesting appointed counsel.  Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, the Court is required to review Plaintiff's Complaint to determine whether Plaintiff's allegations state a colorable legal claim.  This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel.  The facts as stated in Plaintiff's current Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex.  Plaintiff's motions to appoint counsel (ECF No. 4, 6) are accordingly **DENIED**.  If, however, it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion.

Plaintiff also moved for a hearing and to supplement the record.  His motion is devoid of any reason why a hearing is necessary at this point, and it also fails to explain how Plaintiff wishes to supplement the record.  As such, the undersigned **DENIES** Plaintiff's motion (ECF No. 6).

### III.    Order to Amend

Plaintiff alleges that on May 10, 2016, he was forced to work a prison detail despite the fact that he is disabled and "draws a disability check in the free world." Compl. 5, ECF No. 1.  More specifically, Plaintiff contends that Defendant Higgs, a prison counselor at Washington State Prison ("WSP") assigned Plaintiff to a DOT work detail where he was required to cut down trees.  *Id.*  While assigned to this work detail, Plaintiff was instructed by Defendant Hartley, a prison officer, to use a "long neck pole saw an[d] go up to the top of this 30 feet steep hill an[d] cut all the trees down." *Id.* at 6. Plaintiff told Defendant Hartley that he did not know how to use the pole saw and had never cut trees down before.  *Id.*  Despite this, Defendant Hartley ordered Plaintiff to cut down the trees.  *Id.*  When Plaintiff attempted to cut down one of the trees, the pole saw "threw [him] down," and he struck his head, rolled down the hill, and suffered serious injuries, including head trauma, a sprained MCL, and neck and back sprains.  *Id.* Plaintiff alleges he narrowly averted more serious injury because the pole saw was still running when Plaintiff fell.  *Id.* at 7.  Plaintiff contends he still suffers serious pain from his injuries.  *Id.*

Plaintiff seeks to raise claims against Defendants Higgs and Hartley regarding the injuries he suffered while performing this work detail.  "Prison work assignments are

conditions of confinement subject to scrutiny under the Eighth Amendment." *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). As with other Eighth Amendment claims, an inmate challenging his prison work conditions "must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." *Id.* "In cases challenging prison conditions, the state of mind giving rise to liability is deliberate indifference." *Id.* at 1373-74. A prisoner may be able to state a claim for deliberate indifference in the work assignment context by showing that prison officials knowingly forced him to perform physical labor that was beyond his strength, unreasonably dangerous, or unduly painful. *Id.* at 1374.

The Court requires additional information before it can determine whether Plaintiff's allegations related to his work detail state a claim upon which relief may be granted. Plaintiff has failed to provide sufficient facts about the nature and extent of his alleged disability to allow the undersigned to determine whether Defendant Higgs or Hartley acted with deliberate indifference when they required him to work on the prison detail that resulted in his injuries.

In addition, to the extent Plaintiff is seeking to sue Defendant Conley in his supervisory capacity as the warden of WSP, his present allegations fail to state a claim upon which relief may be granted. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). Plaintiff's

4

Complaint does not allege that Defendant Conley personally participated in any decision making regarding Plaintiff's work detail or follow-up medical care; had any customs or policies regarding work details or medical care; directed any subordinates to act unlawfully; or knew they were doing so, had an opportunity to act, and failed to stop them. *See id.* at 805 (describing how causal connection can be established).

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend his pleading to address the deficiencies noted above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims regarding his work assignment and his claims against Defendant Conley, then Plaintiff is **ORDERED** to amend his Complaint with additional factual allegations. The amended complaint will supersede the initially filed complaint. When drafting his amendment, Plaintiff should list each individual he intends to sue in this action on a sheet of paper and then, beside each name, describe exactly (1) what each did, or did not do, to violate his constitutional rights and (2) what injury he suffered as a result of each defendant's actions. Plaintiff should be sure to describe, in detail, the disabilities from which he suffers and how those disabilities affected his ability to participate in the prison work detail at issue in this case. To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007). "Threadbare recitals of the elements of cause of action supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to amend his Complaint as described herein. Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint. Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order.

### IV.    Conclusion

For the foregoing reasons, the undersigned **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) but **DENIES** Plaintiff's motions to appoint counsel, for a hearing, and to supplement the record (ECF Nos. 5, 6). Plaintiff is further **ORDERED** to amend his Complaint to include additional factual information regarding the nature and extent of his disability and regarding his claims against Defendant Conley within **TWENTY-ONE (21) DAYS** of the date of this Order if he wishes to pursue such claims.

SO ORDERED, this 12th day of September, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE